UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

New Hampshire Bureau of
Securities Regulation

     v.

Civil No. 15-cv-156-JD
Opinion No. 2015 DNH 152

LPL Financial, LLC

O R D E R

The New Hampshire Bureau of Securities Regulation ("Bureau")
initiated an adjudicative proceeding under the New Hampshire
Securities Act, RSA chapter 421-B, with a "Notice of Order,"
served on LPL Financial, LLC.  LPL removed the action to this
court under 28 U.S.C. § 1441(a) and § 1446, claiming diversity
jurisdiction under 28 U.S.C. § 1332(a).  The Bureau moved to
remand, contending that the case was improperly removed and that
this court lacks subject matter jurisdiction.  In response, LPL
objected to the motion to remand and also moved to be allowed to
take discovery on the issue of whether the Bureau is a citizen
for purposes of diversity jurisdiction under § 1332(a).  The
Bureau objects to the discovery motion.

Background

The background information is taken from the Bureau's Notice
of Order, dated April 6, 2015, that incorporates and attaches

"Staff Petition for Relief in the Matter of:  LPL Financial, LLC (CRD #6413)."

The Staff Petition states that LPL is an investment advisor and broker-dealer in Boston, Massachusetts, that has been licensed with the Securities and Exchange Commission and the Financial Industry Regulatory Authority ("FINRA") since 1973. LPL advisors sell products known as alternative investments, including real estate investment trusts ("REITs").  REITs that are not traded on a national securities exchange are called "non-traded REITs."  Non-traded REITs have certain risks which include a limited market for resale and high fees.

Because of the risks, sales of alternative investments, including non-traded REITs, are subject to guidelines about the concentration of a client's net worth in those investments.  For that purpose, an advisor who is selling alternative investments must complete a form titled "Alternative Investment Purchase Approved Public Direct Participation Program" that is known as an AI1 form.

An LPL client complained to the Bureau about a non-traded REIT sold to her by LPL in January of 2008.  Because the client was more than seventy years old at the time of the sale, the maximum alternative investment concentration should have been 10%.  The aggregate amount of the non-traded REIT investment sold to her exceeded 10% of her net worth.

The Bureau investigated her complaint and requested documents from LPL.  After reviewing the information produced, the Bureau determined that "LPL had made numerous sales of non-traded REITs to New Hampshire investors that violated New Hampshire securities laws and LPL's guidelines on [alternative investment] Concentration."  Additional information from LPL showed that LPL's guidelines and supervisory systems governing the sale of non-traded REITs "were systematically flawed resulting in hundreds of unlawful or unsuitable non-traded REIT sales to New Hampshire investors."

The Bureau filed a staff petition against LPL under RSA chapter 421-B, the New Hampshire Securities Act.  The Act is administered by the director of the Bureau, who is appointed by the secretary of state.  RSA 421-B:21, I; Elmo v. Callahan, 2012 WL 3669010, at *9 (D.N.H. Aug. 24, 2012); In re Basani, 149 N.H. 259, 262 (2003).  The director has "exclusive authority and jurisdiction: . . . [t]o bring administrative actions to enforce the securities law" and "[t]o investigate and impose penalties for violations of the securities laws . . . ."[1] RSA 421-B:21, I-

_____

[1]Individuals harmed by the unlawful sale of securities may bring suit against the seller.  RSA 421-B:25; see also In re DeSteph, 425 B.R. 39, 45 (Bankr. D.N.H. 2010); Gembitsky v. DeSteph, 2009 WL 1273770, at *1 (D.N.H. May 7, 2009); In re Tyco Int'l, Ltd, 2007 WL 1703023, at *24 (D.N.H. June 11, 2007).  In addition, the Act provides for criminal penalties.  RSA 421-B:24.

a(d)&(e); see also Elmo, 2012 WL 3669010, at *9.  Administrative penalties are provided by RSA 421-B:26.

The director of the Bureau initiated administrative adjudicative proceeding by issuing a "Notice of Order" to LPL pursuant to RSA 421-B:26-a.  LPL was ordered "to immediately cease and desist from the [actions described in the staff petition] and from in any other way violating RSA 421-B."  Among other things, LPL was ordered "to show cause why its securities license in New Hampshire should not be revoked" and to pay an administrative fine.  The order also notified LPL of its right to request a hearing and the process for making that request.  Before responding to the Notice of Order, LPL removed the case to this court on May 1, 2015, asserting that the adjudicatory proceeding was removable under § 1441(a) and § 1446 and that diversity jurisdiction under § 1332(a) existed.

I.  Motion to Remand

The Bureau moves to remand on the grounds that that the administrative proceeding against LPL is not a civil action brought in state court as required by § 1441(a) and that jurisdiction is lacking under § 1332(a) because the Bureau is an arm or alter ego of the state, not a citizen of the state.  LPL objects to remand on both grounds, and seeks discovery on the

issue of the Bureau's status for purposes of diversity jurisdiction under § 1332(a).

A.   Removal Under § 1441(a)

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embraced by the place where such action is pending."  § 1441(a).  The Bureau contends that the proceeding was not removable under § 1441(a) because it was administrative and was not a "civil action brought in a State court."  LPL argues that the proceeding under RSA chapter 421-B is "court-like" and implicates federal interests.

When removal of a state administrative proceeding is challenged, courts in the First Circuit consider several factors to determine whether the state administrative tribunal is functioning as a state court for purposes of § 1441(a).[2]

_____

[2]The circuits that have considered the issue are split on the appropriate analysis.  The First and Seventh Circuits use the functional test, while the Ninth and Tenth Circuits construe the language of § 1441(a) literally.  Smith v. Detroit Entertainment, LLC, 919 F. Supp. 2d 883, 886-87 (E.D. Mich. 2013).  The Third Circuit discussed but did not apply the functional test in Sun Buick v. Saab Cars USA, 26 F.3d 1259, 1267 (3d Cir. 1994).  Other courts have been persuaded to follow the more recent opinions of the Ninth and Tenth Circuits, which use the literal approach. See, e.g., Louisiana St. Bd. Of Medical Examiners v. Feldman, 2014 WL 7342614, n.25 (E.D. La. Dec. 22, 2014); Smith, 919 F.

Volkswagen de P.R., Inc. v. Puerto Rico Labor Relations Board,
454 F.2d 38, 44 (1st Cir. 1972); Darling's v. Chrysler Group,
LLC, 57 F. Supp. 3d 68, 72 (D. Me. 2014).  Specifically, the
court must consider the state administrative tribunal's
procedures and enforcement powers, whether courts or
administrative agencies traditionally have jurisdiction over the
subject matter, and "the respective state and federal interests
in the subject matter and in the provision of a forum."
Volkswagen, 454 F.2d at 44; see also Welchel v. Regus Mgmt.
Group, LLC, 914 F. Supp. 2d 83, 86 (D. Mass. 2012).  To oppose a
motion to remand, the defendant bears the burden of showing that
removal was proper.  Sevigny v. British Aviation Ins. Co. Ltd,
2015 WL 3755204, at *1 (D.N.H. June 16, 2015); Whelchel, 914 F.
Supp. 2d at 86.

    1.  <u>Procedures and Enforcement Powers</u>

    An administrative tribunal may function as a state court for
purposes of § 1441(a) if the agency is adjudicating claims
brought between third parties and does so using the same
procedures followed in state court.  Volkswagen, 454 F.2d at 44;

_____

Supp. 2d at 887; Johnson v. Albertson's LLC, 2008 WL 3286988, at
*1-*4 (N.D. Fla. Aug. 6, 2008).  Because this court is in the
First Circuit, Volkswagen provides the controlling precedent.
The court notes, however, that the more modern interpretation of
§ 1441(a) provides a clearer and more straightforward approach to
the question of removal.

Darling, 57 F. Supp. 3d at 74-75; Whelchel, 914 F. Supp. 2d at
86-88.  In this case, the Bureau investigated a complaint against
LPL and then brought the administrative proceeding against LPL
pursuant to a petition prepared by Bureau staff.  As such, the
proceeding is internal, was not initiated by a third party, and
is not an action between private parties.[3]

In this case, an administrative hearing, if requested by
LPL, will be conducted by the Bureau before a presiding officer
designated by the secretary of state.  RSA 421-B:26-a, I; see In
re Basani, 149 N.H. at 261 (merits hearing on Bureau staff's
petition held before the director of the Bureau).  It is unclear
to what extent the Bureau enforces its own penalties.  See, e.g.,
RSA 491-B:23.  LPL cites no authority that New Hampshire
considers the Bureau to function as a quasi-judicial entity.  Cf.
Volkswagen, 454 F.2d at 44; see also Whelchel, 914 F. Supp. 2d at
87.  Although some of the procedures used by the Bureau for an
adjudicatory proceeding under RSA chapter 421-B resemble court
procedures, on balance the process appears to be more
administrative than judicial.[4]

---

[3]In contrast to the administrative proceeding provided by RSA
421-B:26-a, the Act also includes a provision that imposes civil
liability on those who violate the Act and allows those who are
harmed to file civil lawsuits.  RSA 421-B:25.

[4]In addition, the Bureau has rule-making authority, which
supports its function as an administrative agency.  See
Volkswagen, 454 F.2d at 44; Whelchel, 914 F. Supp. 2d at 87.

2.  Traditional Jurisdiction Over the Subject Matter

In Volkswagen, the issue before the Puerto Rico Labor Relations Board was whether the employer, Volkswagen, had breached a collective bargaining agreement with the union, as charged by the union.  454 F.2d at 40.  The court found it significant that the claim was breach of an agreement, a claim traditionally adjudicated in courts.  Id. at 44.  In this case, however, the administrative petition charges violation of provisions of RSA chapter 421-B, the New Hampshire Securities Act.  The administrative action is not a claim, like a breach of contract, that traditionally is adjudicated in state court.

3.  Federal and State Interests

When the subject matter of the dispute involves federal law, which may be adjudicated in both state and federal forums, the federal interest in the subject matter supports removal. Volkswagen, 454 F.2d at 44; Whelchel, 914 F. Supp. 2d at 88; Nationwide Mut. Ins. V. N.H. Dep't of Labor, 2007 WL 2695387, at *7 (D.N.H. Sept. 12, 2007).  In a diversity case, there is also a federal interest in an out-of-state party having access to a federal forum.  Darling's, 57 F. Supp. 3d at 76-80.  On the other hand, the state has a significant interest in applying a state

statute in the forum it has established for that purpose.  Id. at
75-76.

This case involves the application of New Hampshire law, RSA
chapter 421-B, to an out-of-state company, LPL, that does
business in New Hampshire and sells investment products to New
Hampshire investors.  The purpose of RSA chapter 421-B is to
regulate the purchase, sale, and exchange of securities in New
Hampshire.  Therefore, New Hampshire has a strong interest in
enforcing RSA chapter 421-B particularly when, as here, New
Hampshire investors are affected by LPL's actions.

LPL argues, nevertheless, that because New Hampshire has
incorporated FINRA rules into state law, interpretation of RSA
chapter 421-B implicates a federal interest in having those laws
interpreted uniformly.  RSA chapter 421-B requires the Bureau
to apply a uniform law through cooperation with "the securities
and corporate administrators of other states" and by interpreting
the Act in coordination with related federal law.  RSA 421-B:31-a
& 32.  LPL does not show that the Bureau cannot or will not apply
the applicable laws as directed by the statute.

In summary, the Volkswagen functional test directs a
conclusion that the administrative proceeding initiated by the
Bureau against LPL is not "a civil action brought in state court"
for purposes of § 1441(a).  Therefore, removal was improper, and
the case must be remanded to the Bureau.

B.  Subject Matter Jurisdiction

In addition to asserting that the case was not properly removed, the Bureau contends that subject matter jurisdiction is lacking.  Specifically, the Bureau argues that because it is an unincorporated state agency, not an autonomous entity, it is not a citizen of New Hampshire for purposes of § 1332(a).  See Moor v. County of Alameda, 411 U.S. 693, 717 (1973).  LPL argues that the Bureau is an entity separate from the state because it is fiscally autonomous due to funding provided by the penalties and fees that it collects.  See University of R.I. v. A.W. Chesterton Co., 2 F.3d 1200, 1205 (1st Cir. 1993).  The Bureau disputes that it is fiscally autonomous and argues that other factors show it is an arm of the state.

It is not necessary, however, to resolve the jurisdictional issue because LPL failed to show that the case was removable under § 1441(a).

II.  Motion for Discovery

LPL asks the court to grant it the opportunity to conduct discovery on the jurisdictional issue of whether the Bureau is a citizen for purposes of § 1332(a).  Because LPL failed to show that this is a civil action that was brought in a state court, for purposes of § 1441(a), the motion to remand is granted on

10

grounds other than jurisdiction.  Therefore, the motion for
discovery is denied as moot.

Conclusion

For the foregoing reasons, the plaintiff's motion to remand
(document no. 12) is granted.  The defendant's motion for
discovery (document no. 15) is denied.

The case is remanded to the New Hampshire Bureau of
Securities Regulation.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

August 4, 2015

cc:  Steven M. Gordon, Esq.
     Stephen G. LaBonte, Esq.
     Adrian LaRochelle, Esq.
     Dustin M. Lee, Esq.
     John Nichols, Esq.
     Jack W. Pirozzolo, Esq.
     Jeffrey D. Spill, Esq.